UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGIO TORRES, individually and on behalf of others similarly situated,

                Plaintiff,

                -against-

GOLDEN HOME FURNITURE INC. d/b/a Golden Home Furniture; 7 STAR HOME FURNITURE INC. d/b/a 7 Star Furniture; MOHAMMAD ALDAOU; FRANK DOE; and DAVID ALDAOU a/k/a Akman,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/2021

1:20-cv-04789-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      On August 10, 2021, the Court held a telephonic hearing on Plaintiff's motion for default judgment. Counsel Michael Antonio Faillace appeared on behalf of Plaintiff. Defendants did not appear. In accordance with matters discussed at the conference, Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE.

      Plaintiff has failed to allege adequately that the individual Defendants were his employers under the Fair Labor Standards Act and the New York Labor Law. The allegations in the Complaint are copied verbatim from those asserted in *Fallon v. 18 Greenwich Avenue, LLC*, 1:19-cv-9579-MKV, 2021 WL 1105066 (S.D.N.Y. Mar. 23, 2021), and fail to establish employer liability for the reasons explained in that Opinion and Order. Similarly, Plaintiff's allegations in the Complaint with respect to the corporate Defendants are too general and conclusory to establish liability by default.

      Furthermore, Plaintiff's default judgment application consists solely of an affidavit of Mr. Faillace, Plaintiff's counsel, who does not have personal knowledge of the assertions he makes.

Plaintiff presents no evidentiary support from any competent witness with personal knowledge of relevant facts and circumstances. There is no affidavit from Plaintiff himself.

In short, Plaintiff has failed to present a sufficient record for the Court to conclude that default judgment is appropriate. *See Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993))).

Accordingly, Plaintiff's default judgment motion is DENIED WITHOUT PREJUDICE. The Clerk of Court is respectfully requested to close docket entry 41.

**SO ORDERED.**

**Date: August 10, 2021**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**