```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SERGIO TORRES, *individually and on behalf of others similarly situated*, | |
| Plaintiff, | |
| -against- | 1:20-cv-04789-MKV |
| GOLDEN HOME FURNITURE INC. d/b/a Golden Home Furniture; 7 STAR HOME FURNITURE INC. d/b/a 7 Star Furniture; MOHAMMAD ALDAOU; FRANK DOE; and DAVID ALDAOU a/k/a Akman, | ORDER |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/31/2023

MARY KAY VYSKOCIL, United States District Judge:

On January 31, 2023, the Court held a hearing on Plaintiff's motion for default judgment. Counsel Jarret Thomas Bodo appeared on behalf of Plaintiff. Defendants did not appear. In accordance with matters discussed at the conference, Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE.

In his declaration, Plaintiff unequivocally asserts that he was employed with Golden Home Furniture and 7 Star Furniture "from approximately July 2016 until on or about August 25, 2017." [ECF No. 96-3 at ¶ 8.] Given this assertion, the Court expressed concern that Plaintiff's claims fall outside of the two-year statute of limitations applicable to FLSA actions. *See* 29 U.S.C. § 255. Accordingly, Plaintiff has failed to allege a prima facie case. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." (quotation and alterations omitted)). In addition, the Court expressed serious concerns regarding the claimed damages amount and the attorneys' fees request. In short, Plaintiff has failed to present a sufficient record for the Court to conclude that default judgment is

appropriate. *See Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993))).

Plaintiff's counsel acknowledged at the hearing that the claims against the individual defendants should be dismissed. Plaintiff is HEREBY ORDERED to file a statement of voluntary discontinuance as to all three individual defendants on or before February 7, 2023.

Plaintiff is FURTHER ORDERED to file a renewed motion for default judgment within 10 days. If Plaintiff fails to file his renewed motion within 10 days, this case will be dismissed for failure to prosecute.

For the reasons outlined above, Plaintiff's default judgment motion is DENIED WITHOUT PREJUDICE. The Clerk of Court is respectfully requested to close docket entry 95.

**SO ORDERED.**

**Date:  January 31, 2023**
**New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**