```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/2/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGIO TORRES, *individually and on behalf of others similarly situated*,

Plaintiff,

-against-

GOLDEN HOME FURNITURE INC. d/b/a Golden Home Furniture; 7 STAR HOME FURNITURE INC. d/b/a 7 Star Furniture; MOHAMMAD ALDAOU; FRANK DOE; and DAVID ALDAOU a/k/a Akman,

Defendants.

1:20-cv-4789 (MKV)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

MARY KAY VYSKOCIL, United States District Judge:

On June 23, 2020, Plaintiff Sergio Torres filed a complaint against Golden Home Furniture Inc. ("Golden Home"), 7 Star Home Furniture Inc. ("7 Star"), Mohammad Aldaou, Frank Doe, and David Aldaou. [ECF No. 1.] The Complaint alleges violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants never appeared or answered. Plaintiff voluntarily dismissed his claims against the individual defendants, [ECF No. 103], but moves for default judgment with respect to the two remaining defendants (Golden Home and 7 Star) [ECF No. 104].

On May 8, 2023, the Court referred Plaintiff's motion to Magistrate Judge Aaron for a Report and Recommendation ("R&R"). [ECF No. 109.] Magistrate Judge Aaron issued a thorough R&R on May 10, 2023, recommending that Plaintiff's motion be granted, and that default judgment be entered against Defendants Golden Home and 7 Star. [ECF No. 111.] Plaintiff served the R&R on both Defendants. [ECF No. 112.]

1

No objections to the R&R were filed by the fourteen-day objection deadline. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When there are no objections, the Court reviews a R&R for clear error. *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010).

The Court has reviewed the R&R and finds no error—clear or otherwise. Because the Court must "accept all of the [non-defaulting party's] factual allegations as true and draw all reasonable inferences in its favor," the Court finds that Plaintiff has adequately alleged violations of the minimum wage and overtime provisions of the FLSA and the NYLL. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). The Court agrees with the R&R, however, that Plaintiff lacks standing to pursue any NYLL claims stemming from Defendants' purported failure to provide Plaintiff with notices and wage statements because the Complaint does not allege any tangible injury stemming from these violations. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." (emphasis in original)); *see also Huerta v. 101 N. Laundromat Inc.*, No. 21CV6127ARRCLP, 2023 WL 199699, at *2 (E.D.N.Y. Jan. 17, 2023) ("[P]laintiffs lack standing under *TransUnion* to claim violations of the NYLL wage notice and wage statement provisions where the plaintiff cannot demonstrate a tangible injury as a result of the defendant's violation of these provisions."). The Court further concurs with Magistrate Judge Aaron's damages calculations. The Court therefore adopts the R&R in its entirety.

The Clerk of Court is respectfully requested to enter default judgment, awarding Plaintiffs $160,068 in damages and $3,649 in attorneys' fees and costs. In addition, the Court further directs the Clerk of Court to calculate a prejudgment interest award from September 11, 2018 to today's date at 9% per year on the sum of $80,034.

The Clerk of Court is respectfully requested to terminate docket entry 104 and to close this case.

**SO ORDERED.**

**Date: June 2, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**