USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGIO TORRES, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>GOLDEN HOME FURNITURE INC. d/b/a Golden Home Furniture; 7 STAR HOME FURNITURE INC. d/b/a 7 Star Furniture; MOHAMMAD ALDAOU; FRANK DOE; and DAVID ALDAOU a/k/a Akman,<br><br>Defendants. | 1:20-cv-4789 (MKV)<br><br>**<u>ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE TO RENEWAL AND ORDER TO SHOW CAUSE</u>** |

MARY KAY VYSKOCIL, United States District Judge:

This case was initiated in June 2020 with a complaint. [ECF No. 1]. Thereafter, Plaintiff voluntarily dismissed his case against defendants Mohammad Aldaou, Frank Doe, and David Aldaou. [ECF No. 103]. Thereafter, the Court entered default against the remaining Defendants, Golden Home Furniture Inc. ("Golden Home") and 7 Star Home Furniture Inc. ("7 Star"), for failing to appear and answer the complaint. [ECF Nos. 104, 113]. The Default Order was subsequently vacated when Defendants appeared and answered. [ECF Nos. 116, 117].

Thereafter, the Court granted Defendants' counsel's motion to withdraw as counsel of record for Defendants based on counsel's inability to contact Defendants and Defendants' nonpayment of legal fees. [ECF Nos. 147, 149]. The Court warned Defendants that corporation may not appear *pro se* in federal court and, thus, additionally ordered Defendants to retain new counsel and direct counsel to file an appearance within thirty days of the Court Order. [ECF No. 149]. Defendants failed to comply with this Court's Order. On July 2, 2025, Plaintiff filed the pending Motion for Default Judgment as to the remaining Defendants, based on Defendants failure to adhere to this Court's Order requiring that Defendants retain new counsel. [ECF Nos. 155, 156].

1

In support of their motion, Plaintiff attached Clerk's Certificates of Default issued in March 2022 because the remaining Defendants, at that time, had not "filed an answer or otherwise moved with respect to the complaint herein." [ECF No. 156-5 (attaching ECF Nos. 87 & 91)]. Plaintiff used these Certificates of Default to support its previous Motion for Default in 2022. [ECF No. 104, 105-5].

On August 20, 2025, the Court ordered "that, on or before September 10, 2025, Plaintiff shall show cause why the Court may rely on the Clerk's Certificates of Default issued in March 2022 which were issued because the remaining defendants had at that point not filed an answer." [ECF No. 158]. Plaintiff has failed to comply with this Court's recent Order and, indeed, has filed no response as of this date despite being provided ample time. Plaintiff has been previously warned that failure to comply with this Court's Orders "may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence." [ECF No. 154].

Accordingly, IT IS HEREBY ORDERED that Plaintiff's pending Motion for Default as to Golden Home and 7 Star is DENIED without prejudice to renewal.

IT IS FURTHER ORDERED that, **on or before November 13, 2025**, Plaintiff shall, in writing, show cause why this case should not be dismissed for failure to comply with this Court's Order and for failure to prosecute his case.

Plaintiff is on notice that he is ultimately responsible for prosecuting this case, and this case may be dismissed because of his chosen counsel's failure to prosecute his case. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). Plaintiff is further warned that failure to timely respond to this Order may result in dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

*The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.*

The Clerk of Court is respectfully requested to terminate docket entry 155.

**SO ORDERED.**

**Date:  November 6, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

3